## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BRIAN DOUGLAS GOWER,**

        **Plaintiff,**

v.                                            **Case No. 8:07-cv-568-T-17TBM**

**JPMORGAN CHASE BANK,**

        **Defendant.**

_____/

## O R D E R

THIS CAUSE is before the court on **Plaintiff's Amended Motion for a Protective Order** (Doc. 15) and Defendant's response (Doc. 18) and **Defendant's Motion to Compel Discovery** (Doc. 17) and Plaintiff's response in opposition (Doc. 21).

By his motion for a protective order, Plaintiff seeks a order prohibiting questions regarding Plaintiff's work history or efforts to obtain employment subsequent to the last day of his employment with Defendant, either at his deposition or through other discovery requests. As grounds, Plaintiff argues that such information is not relevant to mitigation and that the information is sought to harass the Plaintiff or impede his efforts to find other employment, and thus, he has shown good cause for the entry of a protective order. By its response in opposition, Defendant argues that the motion should be denied because Plaintiff failed to confer in accordance with Local Rule 3.01(g) and Rule 26(c) of the Federal Rules of Civil Procedure and because the motion was untimely and objections waived. The Defendant further argues that what Plaintiff told prospective employers in resumes and job applications

about his employment skills, qualifications, and job duties while at JPMorgan is relevant to

the issue of whether Plaintiff was an exempt employee.

Upon consideration, the motion fails to satisfy Local Rule 3.01(g), which provides in

pertinent part:

> Before filing any motion in a civil case . . . the moving party
> shall confer with counsel for the opposing party in a good
> faith effort to resolve the issues raised by the motion, and
> shall file with the motion a statement (1) certifying that the
> moving counsel has conferred with opposing counsel and (2)
> stating whether counsel agree on the resolution of the
> motion.  A certification to the effect that opposing counsel
> was unavailable for a conference before filing a motion is
> insufficient to satisfy the parties' obligation to confer.

M.D. Fla. R. 3.01(g).  Had the moving party followed the procedure set forth in this rule, this

court's involvement may have been unnecessary.

More significantly, the court finds that Plaintiff has not demonstrated good cause for

the entry of a protective order.  Plaintiff argues generally that discovery concerning his

subsequent job searches and employment history since leaving Defendant's employ has no

relationship to any claim or defense in the matter and that the discovery is intended to harass

and intimidate Plaintiff.  However, these conclusory statements are not supported by a specific

demonstration of facts necessitating a protective order and showing of potential harm to

Plaintiff in the absence of such a protective order.

Rule 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any
> party. . . . Relevant information need not be admissible at the

2

> trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The courts construe the term, "relevant," "broadly to encompass any

matter that bears on, or that reasonably could lead to other matter that bears on, any issue that

is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 342, 351 (1978) (citing

*Hickman v. Taylor*, 329 U.S. 340, 351 (1947)).  However, the scope of discovery is not

without limits, *see Oppenheimer Fund*, 437 U.S. at 351-52, and "discovery is not a fishing

expedition."  *Gibbons v. Food Lion*, No. 98-1197-CIV-T-23F, 1999 WL 33226474, at *1

(M.D. Fla. Feb. 19, 1999).  "Discovery should be tailored to the issues involved in the

particular case." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570

(11th Cir. 1992) (citing *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J.

1985)).  Additionally, the court may limit discovery upon the determination that the discovery

sought is unreasonably burdensome or expensive or the expense of the proposed discovery

outweighs its likely benefit, taking into account the needs of the case, the amount in

controversy, the parties' resources, and the importance of the proposed discovery in resolving

issues.  Fed. R. Civ. P. 26(b)(2).

Given this liberal discovery standard and the fact that some of the discovery sought

by Defendant concerning Plaintiff's effort to obtain new employ after leaving the Defendant

appears relevant, Plaintiff's amended motion for a protective order (Doc. 15) is **DENIED**, and

(Doc. 12) is **DENIED as moot**.  Defendant's request for an award of fees and costs associated

with responding to the motion is **DENIED**.

3

By its motion to compel, Defendant seeks an Order compelling Plaintiff to give more complete responses to its First Set of Interrogatories (Doc. 17-2), Nos. 2, 3, 6, 7, 8, and 9;  and First Request for Production of Documents and Things (Doc. 17-3) Nos. 10, 22, 24, 32, and 36, served on or about June 26, 2007.  Defendant contends that Plaintiff's responses are untimely, and therefore all objections have been waived.  Defendant further contends that the responses provided by Plaintiff are incomplete and deficient.

Upon review, Plaintiff's responses to Interrogatory Nos. 2 (training and certification dates and locations), 3 (damages calculation and methodology), and 8 (contact with current and former employees of Defendant) appear to be complete responses based on Plaintiff's representation that all responsive information has been produced.  Accordingly, the motion is denied as to this interrogatories.  Regarding Requests to Produce Nos. 10 and 32, the motion is likewise denied.[1]

Regarding Interrogatory Nos. 6 and 7 (employment history, income, and efforts to obtain employment) and Requests No. 22 (resume) and 24 (employment documentation) are, to some extent, arguably relevant to the claims and defenses raised in this suit.  Therefore, Plaintiff's objections are overruled.  Within fifteen (15) days of the date of this order, Plaintiff shall supplement his responses to identify all employers with whom he has sought and/or received employ since leaving Defendant and to produce copies of any and all resumes and other correspondence describing his work history with the Defendant and otherwise setting

---

[1]With respect to Request No. 32 (fee agreement), the court agrees that the request is premature at this stage of the proceedings, and the court will not require the disclosure of the fee arrangement between Plaintiff and counsel at this time.  If and when it is timely to do so, the court would expect counsel to produce such information to Defendant voluntarily.

4

forth his duties and the scope of his work with the Defendant from May 5, 2005, through the present.

Regarding Interrogatory No. 9 (friends and associates with knowledge of lawsuit), to the extent that Plaintiff can provide the work or home address or email address of any of these person, he shall do so within fifteen (15) days of the date of this order.

Finally, as to Request No. 36 (phone records), Plaintiff has produced telephone records during the period of Plaintiff's employment, with the call recipient's identifying information redacted. The court agrees with Plaintiff that the request is overbroad insofar as it seeks all of Plaintiff's telephone records to the present. However, the court disagrees that it is appropriate to redact out all identifying information of third parties as such may arguably be or lead to the discovery of relevant information. Accordingly, the motion is granted as to this request to the extent that Plaintiff will provide unredacted copies of his phone records for the period of his employment with Defendant within fifteen (15) days of the date of this Order.

To the extent not granted hereby, the motion to compel is denied.

Accordingly, it is **ORDERED** that **Defendant's Motion to Compel Discovery** (Doc. 17) is **GRANTED in part** and **DENIED in part** as set out herein.

**Done and Ordered** in Tampa, Florida, this 29th day of October 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

5